```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

MICHAEL D. BRUNNER and ROBIN A. BRUNNER,

      Plaintiffs,

v.                                       Civil Action No. 5:11CV40
                                                                     (STAMP)
STATE FARM FIRE AND CASUALTY COMPANY
d/b/a STATE FARM INSURANCE COMPANIES,

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT V AND DENYING PLAINTIFFS' REQUEST TO AMEND COUNT V WITHOUT PREJUDICE TO REFILING

### I.  Background

The plaintiffs, Michael D. Brunner and Robin A. Brunner, commenced this action in the Circuit Court of Ohio County, West Virginia on February 15, 2011.  The complaint alleges numerous causes of action against State Farm Fire and Casualty Company ("State Farm"), including common law misconduct, violation of the Unfair Claim Settlement Practices Act, W. Va. Code § 33-11-4(9), breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of fiduciary duty.

The plaintiffs' allegations arise due to the purchase of a homeowners insurance policy from defendant State Farm.[1]  On February 11, 2010, the plaintiffs' home sustained a loss covered under the policy.  The complaint alleges that the full loss is

---

[1] Homeowners Insurance Policy No. 48-07-3439-8.

covered under the insurance plan; the defendant responds that only certain losses are covered under the dwelling coverage portion of the plan.  Both parties agree that two estimates to repair the damaged property were submitted to State Farm and that State Farm agreed to replace one-half (1/2) of the plaintiffs' roof.  The plaintiffs claim, however, that the defendant ignored the two estimates submitted with regard to repair of the damaged property, while the defendant argues that both estimates were beyond the scope of damages proximately caused in February 2010.  The complaint states that the plaintiffs' home contains mold growth and presents unhealthy and/or unsanitary conditions as a result of State Farm's failure to honor the insurance policy.  State Farm denies that any of its acts caused the growth of mold or other "unhealthy and/or unsanitary conditions."  (Def.'s Answer 5.)

   State Farm removed the case to this Court on March 14, 2011 and simultaneously filed a motion to dismiss Count V of the complaint for failure to state a cause of action upon which relief can be granted.  According to the defendant, Count V asserts a cause of action entitled "violation of a fiduciary duty" but that West Virginia "has never recognized a fiduciary duty . . . between an insurer and its insureds."  (Def.'s Mot. to Dismiss 1.)

   Before the plaintiffs responded to the motion to dismiss Count V, the parties filed a joint motion to stay proceedings, which this Court granted.  A second joint motion to stay was then filed, which

this Court also granted. Subsequently, this Court held a status and scheduling conference and established a new briefing schedule for the motion to dismiss. Pursuant to the briefing schedule, the plaintiffs filed a response to the defendant's motion to dismiss, conceding that West Virginia does not expressly recognize a fiduciary relationship between insureds and insurers. The plaintiffs maintain, however, that a quasi-fiduciary duty exists that requires an insurer to deal fairly with the insured in the handling and disposition of any claim. The plaintiffs further request leave to amend their complaint to clarify factual and legal allegations.

The defendant then filed a reply in support of its motion to dismiss. State Farm asserts that, because the plaintiffs concede that West Virginia law does not impose a fiduciary duty on a first-party insurer, its motion to dismiss should be granted. State Farm also argues that the plaintiffs' assertion of a quasi-fiduciary duty is misplaced. Finally, the defendant requests that this Court, in addition to granting the motion to dismiss, preclude any further attempts by the plaintiffs to amend the complaint.

## II. Applicable Law

### A. Motion to Dismiss

In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as

true. Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 2004); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Such a motion must also be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56. A motion for summary judgment is designed to test whether there is a genuine issue of material fact. Wright & Miller, supra, at § 1356. For purposes of the motion to dismiss, however, the court's inquiry is directed to whether the allegations made by the complainant constitute statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

When a complaint "does not allege 'enough facts to state a claim to relief that is plausible on its face,'" the complaint should be dismissed. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 556 U.S. at 677 (2009)). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

B.  Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure grants this Court broad discretion concerning motions for leave to amend pleadings. See Keller v. Prince George's Cnty., 923 F.2d 30, 33 (4th Cir. 1991) ("Motions to amend are committed to the discretion of the trial court."); Fed. R. Civ. P. 15(a). Rule 15 states, in pertinent part, that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . 21 days after service of . . . a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1). If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written

consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

Further, leave to amend should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

### III.   Discussion

A.   Motion to Dismiss

The defendant argues that Count V of the plaintiffs' complaint, "violation of a fiduciary duty," should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cause of action upon which relief can be granted. The defendant cites Elmore v. State Farm Mut. Auto. Ins. Co., 504 S.E.2d 893, 898-901 (W. Va. 1998), in support of its assertion that West Virginia does not recognize that the relationship between an insurer and an insured rises to the level of a fiduciary relationship. Citing to Shamblin v. Nationwide Mut. Ins. Co., 396 S.E.2d 766, 774 (W. Va. 1998), the plaintiffs concede that West Virginia law does not expressly recognize a fiduciary

duty between an insurer and its insured, but argue that a quasi-fiduciary duty exists.

In <u>Elmore</u>, the Supreme Court of Appeals of West Virginia stated that it "has never recognized that the relationship between an insurer and its insured is in the nature of a fiduciary relationship." <u>Elmore</u>, 504 S.E.2d at 900. In <u>Shamblin</u>, the court discussed the applicable standard of proof in actions against insurers by their insureds for failure to settle third-party liability claims against them within the policy limits. Although the court stated that an insurance company must take into account the interest of its insured, this standard of duty is less than a fiduciary duty. <u>Elmore</u>, 504 S.E.2d at 900. Therefore, this Court agrees that violation of a fiduciary duty is not a basis for a claim upon which relief can be granted and this Court grants the motion to dismiss plaintiffs' Count V.

B.  <u>Leave to Amend</u>

In their response to the motion to dismiss, the plaintiffs request leave to amend their complaint to clarify factual and legal allegations against the defendant. Although they recognize that there is no fiduciary duty between an insurer and its insured, they argue that an insurance policy creates a "quasi-fiduciary" relationship. The defendant responds that any amendment of the complaint would be duplicative of the plaintiffs' other

allegations, thus, the defendant argues that any further attempts at amendment by the plaintiffs should be precluded.

This Court construes the plaintiffs' request for leave to amend as a motion to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure.  Upon review of the record, this Court concludes that the plaintiffs have not exhibited any undue delay, bad faith, or dilatory motive.  Additionally, this Court cannot conclude either that the plaintiffs' amendment would be futile or that the prejudice to the defendant is so significant as to prevent allowance of the amendment.  However, Local Rule of Civil Procedure 15.01 states that "[a]ny party filing a motion to amend a pleading that requires leave of court to file, shall attach to that motion a signed copy of the proposed amended pleading."  LR Civ P 15.01.  Because the plaintiffs did not comply with Local Rule of Civil Procedure 15.01, this Court finds that the motion to amend must be denied without prejudice to refiling a motion to amend the complaint with a copy of the proposed amended complaint attached as required by Local Rule of Civil Procedure 15.01.

### IV.  Conclusion

For the reasons stated above, the defendant's motion to dismiss Count V of the plaintiffs' complaint (ECF No. 6) is GRANTED.  The plaintiffs' motion for leave to amend is DENIED WITHOUT PREJUDICE to refiling a motion to amend the complaint in the manner described above.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

    DATED:     June 20, 2012

<pre>
                         /s/ Frederick P. Stamp, Jr.
                         FREDERICK P. STAMP, JR.
                         UNITED STATES DISTRICT JUDGE
</pre>